BATES ET AL. *v.* BREVARD-WOODS STAVE Co.

[76 South. 533, Division B.]

1. EVIDENCE. *Presumptions. Intent.*
    The presumption of law is that every man intends to do what he does do, and in the absence of the proper showing of honest mistakes, the defendant would be held to have wilfully done what he did do.

2. MASTER AND SERVANT. *Cutting timber. Trespass. Liability.*
    It is not sufficient for the purchaser of standing timber of certain dimensions only, to send out a bunch of laborers with general instructions to cut only the timber of the dimensions purchased; but it devolves upon him to exercise reasonable superintendence over the employees, to see that they cut the timber according to his contract and with due regard to the rights of the other party.

APPEAL from the circuit court of Coahoma county. HON. J. L. BATES, Judge.

Suit by Wm. S. Bates and others against the Brevard-Woods Stave Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Wm. S. Bates,* for appellant.

We submit that the case made by appellant's evidence on the trial of this case in the court below, fully supports the allegations in appellant's first count of declaration, and more than makes out a *prima-facie* case of trespass as therein charged, and right to recover the statutory penalty given by section 4977, Code 1906, and casts the burden of proof upon appellees to relieve themselves from the penalty, by adducing evidence that the trees shown to have been cut by appellants, was through accident, inadvertance or mistake, or not so cut while they were in lawful possession of the land, and that rea-

sonable care was taken to avoid the trespass charged in said count. *Kiern* v. *Warfield,* 80 Miss. 799; *Rector* v. *Shippy,* 93 Miss. 245.

Therefore, our first contention of error is that the trial court misconstrued both the law and appellant's evidence, in its ruling sustaining appellee's motion to withdraw appellant's evidence from the jury, and instruct a verdict for them as to the first count of appellant's declaration. *Lee* v. *Hawks,* 68 Miss. 669; *Kern* v. *Warfield,* 60 Miss. 799; *Rector* v. *Sheppy,* 9 Miss. 254; *Homes* v. *Sims,* 71 Miss. 245; 2 Thompson on Trials, secs. 2245-48; *Farmer* v. *Cumb. Tel. Co.,* 76 Miss. 55; *Whitney* v. *Cook,* 53 Miss. 551; *Ill. Central R. R. Co.* v. *Boshams,* 70 Miss. 11; *Tribette* v. *Railroad Co.,* 71 Miss. 212.

And to show a further purpose of recklessness and disregard of appellant's rights in the premises, appellees turned loose a lot of negro choppers on said land to work up the trees into cross-ties and failed to offer evidence, that they were instructed not to cut and work into ties, oak trees under twelve inches at stump. Witness Title, introduced by appellants, states that in 1913, he saw a negro camp of tie cutters for appellees at work about the middle of the Bates land.

Hence the contention of appellants, that appellees have totally failed in their evidence to exonerate themselves from the allegation of wilful, reckless and knowing trespass as charged in the first count of their declaration, because of cutting and removing thirty-two white oak trees; six post oak trees, two hundred and thirteen black oak trees and eight Ash trees from appellant's land not within the call of their deed of timber sale to appellees, and without appellant's knowledge or consent for which appellants submit appellees are liable to pay appellants under the law, and case made by the evidence, the statutory penalty of fifteen dollars per tree as provided by section 4977, Code 1906.

This brief is most respectfully submitted for consideration.

*R. H. Knox,* for appellee.

The evidence in this case as is clearly shown from the record fails to show at all that the Brevard-Wood Stave Company or any of its agents violated the terms of this contract in the least, by cutting any timber of any description undersize. It affirmatively shows that the appellee instructed their agents as to what timber to cut, and warned them not to cut any of the timber not embraced in the contract, and if they had cut timber not embraced in the contract, after it was shown that they directed them not to cut the same, the Brevard-Wood Stave Company would not have been liable for the statutory penalty.

Now as to value of any trees that were cut by the appellee through their agents, I will say first, that the proof was not sufficient in this case to warrant the jury in saying that appellee cut a single tree, other than those they had a right to cut. A committee of three men it seems, was sent upon this land by appellant to make observation preparatory to testifying in this case. This committee was composed of Messrs. G. W. Clark, E. S. Martin and Bud Alford, neither of whom were prepared to swear who cut the trees that showed to be under size at the time they measured the stump, which was about a year later. The most they had to say, is that they saw some cross-ties evidently refused—one still laying on the ground with a brand thereon B. W., but these witnesses admitted that the Brevard-Wood Stave Company were in the cross-tie business, and bought ties in the finished state from the public generally and branded the same, B. N. W. In fact the testimony of W. W. Naron for plaintiff is about as clear as any they had and his testimony in substance is that he lived about three-fourth of a mile from the nearest line, and that he heard people chopping in the woods up there and upon one occasion he went squirrel hunting and heard them chopping plainly, but did not even go up near enough to recognize the

people cutting, but does admit on cross-examination that whoever cut this timber, cut it up very high, but was not in position to say whether or not the stumps would come within appellee's contract, if they had been cut down to a customary height. He measured some stuff but couldn't say whether any of them was cut during the life of this contract.

Our contention in short is simply this that the proof in this case for the plaintiff fails to show, who cut the timber that was cut under size if any was cut; second, if it shows that we cut any at all, the jury that heard the case took all the facts and circumstances together, and gave him fifty dollars, according to the proof in this case as to the value of these little old black jack saplings; this was ample pay to him for a hundred saplings, yea two hundred, so we respectfully submit that this case should be affirmed, since it is apparent that he got more than the proof authorized.

Ethridge, J., delivered the opinion of the court.

The appellants sued the appellee in an action of trespass in two counts for cutting timber off certain lands described in the declaration; one count being for statutory damages of fifteen dollars per tree, and the other count for actual damages, the actual value of the trees. The number of trees cut was two hundred and fifty-eight. The action originated from the cutting by the appellee of two hundred and fifty-eight trees under the size stipulated for in the contract. The Stave Company bought of the appellants all hickory timber eight inches and over at the stump, and all other timber of other kind twelve inches and over at the stump, on a certain body of land. The contract of sale gave it a specified time in which to move the timber. The Stave Company sent its employees upon the land in question, and these laborers cut two hundred and fifty-eight oak trees less than twelve inches in diameter at the place cut; the stumps measuring

from eleven and one-half inches down to eight inches. The superintendent or manager of the Stave Company testified that he told his hands not to cut below twelve inches in diameter, and it was contended that the company was not responsible for the statutory damages, where the hands cut below twelve inches contrary to his orders. The plaintiff proved the cutting of the two hundred and fifty-eight trees in violation of the contract, but was not present at the time of the cutting, and was unable to disprove affirmatively the statement of the appellee's agent, the superintendent, that he told them not to cut under twelve inches in diameter.

The presumption of law is that every man intends to do what he does do, and in the absence of the proper showing of honest mistake, the defendant would be held to have willfully done what he did do. It is not sufficient to send out a bunch of laborers, with general instructions to cut only twelve inches and up; but it devolves upon the owner to exercise reasonable superintendence over the employees, to see that they cut the timber according to the contract and with due regard to the rights of the other party. This case falls within the principle of *Clay* v. *Postal Telegraph-Cable Co.,* 70 Miss. 406, 11 So. 658. In that case, in discussing the duty of the master with reference to the superintendence of the laborers, the court said. "If Fisher was negligent in sending out a large number of ordinary laborers to clear out the way, and erect its line, over a highway ten miles in length, even though he had instructed these laborers not to invade private property, the company was liable for the injury flowing from its agent's negligence. The proper inquiry was, not whether Fisher was absent superintending the removal of his camp from Jackson to Clinton, but was the sending out of a gang of irresponsible laborers, without any intelligent and controlling head, with no agent of the company to perform Fisher's duty of supervising the work, under the evidence in the case, negligence on Fisher's part, and imputable to his principal? It could not

be contended that Fisher might have absolved his prin-
cipal from all liability for trespasses done by a gang of
ordinary laborers along or near to the highways in the
state, beginning at the Alabama state line and ending at
the Mississippi river, by simple absenting himself during
the entire progress of the work, on any thought that his
presence was necessary at his camp. The negligence
in the case supposed would not be disputed. Whether
Fisher's absence for the entire day on which this injury
is alleged to have been committed, with the excuse he of-
fered for it, disclosed his negligence, should have been
presented to the jury by a proper qualification of, or
addition to, the second charge of appellee.''

The court having given a peremptory instruction to
find against the plaintiff as to the first count, and refusing
to submit the question of whether the cutting was in good
faith to the jury, we think it committed error, and the
judgment is reversed, and the cause remanded.

*Reversed and remanded.*